KMD:mes 6390/6

# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[x] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No. 08-3324

WESTWOOD CARTAGE INC., ET AL
**Plaintiff**

AON RISK SERVICES, ALIAS
**Defendant**

***Summons***

*To the above-named Defendant:* c/o Prentice - Hall Corp

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Kevin M. Daley, Esq., Plaintiff's attorney, whose address is Olenn & Penza, LLP, 530 Greenwich Avenue, Warwick, RI 02886 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

[signature]
CLERK

Dated: 5/6/08

**(Seal of the Superior Court)**

DATE 5/9/08
A TRUE COPY ATTEST
FRANK V CATAMERO
R.I. CONSTABLE # 6022

S- 135 (REV. 10/00)

# State of Rhode Island and Providence Plantations

............................................,SC

## PROOF OF SERVICE

I hereby certify that on the ............................................ day of .................................................. I served a copy of this summons and a copy of the complaint received therewith upon ......................................................................................................

......................................................................................................................................................

in the following manner:

By delivering a copy of the summons and complaint to him/her personally.

By leaving a copy of the summons and complaint at his/her dwelling house,..................................................

..........................................................................................., with a person of suitable age and discretion then residing therein.
(Address)

By leaving a copy of the summons and complaint at his/her usual place of abode, ............................................ ..........................................................................................., with a person of suitable age and discretion then residing therein.

By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely ..........................................................................................................

such agent being one designated by statute to receive service, further notice as the statute requires was given as follows:

......................................................................................................................................................

......................................................................................................................................................

......................................................................................................................................................

Sheriff's Fees

Travel ........................... $............................

Service ........................... $............................

$............................

...................................................................
Deputy Sheriff

CIVIL ACTION

FILE NO. 08-3324

SUMMONS

SUPERIOR COURT

WESTWOOD CARTAGE INC., ET AL

VS

AON RISK SERVICES, ALIAS

KEVIN M. DALEY, ESQ. #4944

ATTORNEY FOR PLAINTIFF

Defendant to be served by by and through its agent:
Prentice-Hall Corp. System
222 Jefferson Blvd., Suite 20
Warwick, RI 02888

NOTE: Returnable to Plaintiff's Attorney forthwith after service. Proof of service to be filed within time during which the person served must respond.

KMD:mes 6390/6 \pleadings\63906Complaint1.wpd

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

WESTWOOD CARTAGE INC.
and THE TRANS-LEASE GROUP, INC.

VS.

C.A. NO. 08-3324

AON RISK SERVICES, Alias

## COMPLAINT

## I. THE PARTIES

1. The plaintiff, The Trans-Lease Group, Inc., is a corporate entity whose principle business is the provision of transportation and trucking services and whose principle place of business is located in the Town of Needham, Commonwealth of Massachusetts.

2. The plaintiff, Westwood Cartage Inc., is a corporate entity whose principle business is the provision of transportation and trucking services and whose principle place of business is in the Town of Needham, Commonwealth of Massachusetts. At all times material hereto, Westwood Cartage Inc. was a wholly owned subsidiary of the Trans-Lease Group, Inc..

3. Defendant, AON Risk Services, Alias, is a corporate entity whose principle business is providing agent and broker services to its customers and who maintains a place of business in the City of Providence, County of Providence, State of Rhode Island.

## II. THE FACTS

4. In April of 2001, the plaintiffs, The Trans-Lease Group, Inc. and Westwood Group Inc., purchased various commercial insurance policies from the Providence Washington Insurance Companies. Among the policies purchased was a "commercial crime coverage" policy which generally provided that the Providence Washington Insurance Companies would indemnify The Trans-Lease Group, Inc. and Westwood Cartage Inc. for loses occasioned by dishonesty which included employees stealing money from the named insureds. The policy period commenced on 4/1/01 and expired on 4/1/02. This policy is hereinafter referred to as the "original policy." The policy was purchased through the defendant, AON Risk Services, that acted on the behalf of the plaintiffs, The Trans-Lease Group, Inc., and Westwood Cartage Inc., as their broker/agent. A copy of the policy declarations as well as the policy itself is attached hereto as Exhibit A.

5. The policy in question contained a provision which provided that the Providence Washington Insurance Companies, would pay for losses discovered within one year after the end of

the policy period.

6. On 4/1/02, the plaintiffs, The Trans-Lease Group, Inc. and Westwood Cartage Inc., through their broker/agent defendant, AON Risk Services, renewed their commercial crime coverage with the Providence Washington Insurance Companies, and was issued a new policy which commenced on 4/1/02 and expired on 4/1/03 (hereinafter referred to as the "first renewal"). This policy (like the original policy) included the same provision which provided that the Providence Washington Insurance Companies would pay for losses that were discovered within one year after the expiration of the policy period. A copy of the policy declarations as well as the policy itself is attached hereto as Exhibit B.

7. On April 1, 2003, the plaintiffs, The Trans-Lease Group, Inc. and Westwood Cartage Inc., through their broker/agent defendant, AON Risk Services, again renewed their commercial crime coverage policy with the Providence Washington Insurance Companies, which commenced on 4/1/03 and expired on 4/1/04 (hereinafter referred to as the "second renewal"). Like the original policy and the first renewal, the second renewal also contained a provision which provided that the Providence Washington Insurance Companies would pay for losses that were discovered within one year after the expiration of the policy period. A copy of the policy declarations and the policy itself are attached hereto as Exhibit C.

8. On April 1, 2004, the plaintiffs, The Trans-Lease Group, Inc. and Westwood Cartage Inc., through their broker/agent defendant, AON Risk Services, again renewed their commercial crime coverage with the Providence Washington Insurance Companies, which commenced on 4/1/04 and expired on 4/1/05 (hereinafter referred to as the "third renewal"). Like the original policy and the first and second renewals, this policy contained the provision which provided that the Providence Washington Insurance Companies, would have the obligation to pay for covered losses within one year after the expiration of the policy period. However, the third renewal also contained a provision which provided that this extended period to discover losses would terminate immediately upon the effective date of any other insurance obtained by the insureds which would replace, in whole or in part, the insurance provided by the Providence Washington Insurance Companies. This provision was not contained in the original policy or the first or second renewals. The policy declarations and the policy itself is attached hereto as Exhibit D.

9. The defendant, AON Risk Services, failed to provide notification to the plaintiffs, The Trans-Lease Group, Inc. or Westwood Cartage Inc., that the provision referenced in paragraph 8 (which provided that the extended period to discovery losses after the expiration of the policy period would terminate if other insurance was obtained) had been inserted into the third renewal. In addition, at no time did the defendant, AON Risk Services, provide the plaintiffs, The Trans-Lease Group, Inc. and/or Westwood Cartage Inc., with a copy of the third renewal which contained the new provision which is referenced in paragraph 8.

10. On April 1, 2005, the policy period for the third renewal expired.

11. Thereafter, on May 3, 2005, the plaintiff, The Trans-Lease Group, Inc., purchased another commercial crime policy with St. Paul Travelers Insurance Company (a copy of the policy

declarations and the policy itself are attached as Exhibit E). At the time the plaintiff, The Trans-Lease Group, Inc., purchased the insurance from St. Paul Travelers, they were unaware that by doing so, their extended period to discover the loss under the third renewal with the Providence Washington Insurance Companies, would be terminated.

12. The plaintiff, Westwood Cartage Inc., was not an insured under the St. Paul Travelers policy attached as Exhibit E. The plaintiff, Westwood Cartage Inc., at no time purchased any other commercial crime policy from April 1, 2005 through May 6, 2005. As such, the plaintiff, Westwood Cartage Inc.'s extended period to discover losses under the third renewal was never terminated before May 6, 2005.

13. On May 6, 2005, principals and officers of the The Trans-Lease Group, Inc. and Westwood Cartage Group discovered that an employee, Mr. Stuart Fishman, had stolen money from both companies.

14. It was eventually determined that Mr. Fishman had stolen approximately $873,737.30.

15. Shortly after discovering the loss, the plaintiffs immediately notified the Providence Washington Insurance Companies, that they would be making a claim for the loss under the commercial crime coverage policy.

16. Thereafter, a valid proof of loss was submitted to the Providence Washington Insurance Companies, a copy of which is attached hereto as Exhibit F.

17. At all times material hereto, the plaintiffs, The Trans-Lease Group, Inc. and Westwood Cartage Inc., cooperated with the Providence Washington Insurance Companies, which included the timely provision of all documents and materials requested by the Providence Washington Insurance Companies.

18. On April 23, 2008, the Providence Washington Insurance Companies, denied the plaintiffs, The Trans-Lease Group, Inc. and Westwood Cartage Inc.'s claim. A copy of the denial is attached hereto as Exhibit G.

**COUNT I**
***The Trans-Lease Group, Inc. v. AON Risk Services***
**Negligence**

19. The plaintiff, The Trans-Lease Group, Inc., repeats and realleges the allegations contained in paragraphs 1 through 18 as if fully set forth herein.

20. As the broker/agent, the defendant, AON Risk Services, had a duty to exercise reasonable care in counseling their client, plaintiff, The Trans-Lease Group, Inc., as to the ramifications and consequences of allowing the third renewal to lapse and of placing new commercial crime insurance coverage with St. Paul Travelers Insurance Company. The defendant, AON Risk Services, breached this duty of care which such breach included, but is not limited to, a failure to

provide notification to the plaintiff that the third renewal contained a new provision which would provide for the termination of the extended period to discover the loss (which was not contained in the original policy or the first or second renewals) and to provide a copy of this new policy language to the plaintiff, The Trans-Lease Group, Inc.

21. As a direct and proximate result of the defendant, AON Risk Services, negligence, the plaintiff, The Trans-Lease Group, Inc., has sustained damages.

WHEREFORE, the plaintiff, The Trans-Lease Group, Inc., demands judgment in its favor against the defendant, AON Risk Services, for an amount deemed just and reasonable by this court together with interest, costs and attorneys fees.

**COUNT II**

***Westwood Cartage Inc. v. AON Risk Services***

**Negligence**

22. The plaintiff, Westwood Cartage Inc., repeats and realleges the allegations contained in paragraphs 1 through 21 as if fully set forth herein.

23. As the broker/agent, the defendant, AON Risk Services, had a duty to exercise reasonable care in counseling their client, plaintiff, Westwood Cartage Inc., as to the ramifications and consequences of allowing the third renewal to lapse and of placing new commercial crime insurance coverage with St. Paul Travelers Insurance Company. The defendant, AON Risk Services, breached this duty of care which such breach included, but is not limited to, a failure to provide notification to the plaintiff that the third renewal contained a new provision which would provide for the termination of the extended period to discover the loss (which was not contained in the original policy or the first or second renewals) and to provide a copy of this new policy language to the plaintiff, Westwood Cartage Inc..

24. It is the position of plaintiff, Westwood Cartage Inc., that they did not purchase new commercial crime coverage after April 1, 2005, but before May 6, 2005. However, if it is determined that they were an insured under the policy purchased by Trans-Lease Group, Inc., from St. Paul Travelers Insurance Company then the plaintiff, Westwood Cartage Inc., would have sustained damages as a direct and proximate result of the defendant, AON Risk Services, negligence.

WHEREFORE, the plaintiff, Westwood Cartage Inc., demands judgment in its favor against the defendant, AON Risk Services, for an amount deemed just and reasonable by this court together with interest, costs and attorneys fees.

Plaintiffs demand a trial by jury.

PLAINTIFFS,
By their Attorney,

Kevin M. Daley, Esq. #4944
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499